914 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duane Oliver FARMER, Defendant-Appellant.
 No. 90-5004.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 5, 1990.
Decided Sept. 19, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CR-89-90-A)
 Matthew J. Cody, Jr., Matthew J. Cody, Jr., P.C., Lebanon, Va., for appellant.
 John Perry Alderman, United States Attorney, Julie M. Campbell, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Duane Oliver Farmer appeals his conviction for possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d). He contends that the district court erred by denying his motion to suppress the weapon. Finding no error, we affirm.
 
 I.
 
 2
 Farmer was indicted on a single count for possession of a semi-automatic rifle which was not registered in the National Firearms Registration and Transfer Record.[1] At pre-trial hearing, held on Farmer's motion to suppress the firearm, Sergeant William Rose, a game warden for the State of Virginia, testified that he responded to a complaint of hunting reported by the Russell County Sheriff's Department. He proceeded on foot toward the sound of shooting in a pasture on private property. He had no warrant.
 
 
 3
 When he reached the men who were shooting, he noticed that one weapon was shooting as rapidly as an automatic rifle. Rose immediately approached Farmer, who had been firing the rifle, to investigate. Rose observed that the rifle was semi-automatic and had been shortened. Based on his training in firearms identification at the Criminal Justice Academy and prior experience with a case involving federal firearms laws, Rose believed that the rifle violated federal law, though not state law.
 
 
 4
 Rose then questioned Farmer about the rifle. Farmer admitted that an agent of the Alcohol, Tobacco and Firearms Bureau had told him that the firearm was illegal. At the hearing, Farmer denied having made this statement to Rose. Without asking Farmer whether the firearm was registered or investigating whether the firearm was registered with the National Registry, Rose seized the rifle and turned it over to federal authorities.
 
 
 5
 The district court denied Farmer's motion to suppress the firearm because the seizure satisfied the "plain view" exception to the Fourth Amendment's warrant requirement. At trial, the firearm was introduced into evidence, as was evidence that it was not registered as required by statute. The jury found Farmer guilty. The court fined him two thousand dollars and sentenced him to three months of imprisonment followed by a term of supervised release. Farmer appeals his conviction.
 
 II.
 
 6
 On appeal, Farmer's sole contention is that the court erred by denying his motion to suppress the firearm. He argues that the first and third requirements for the "plain view" exception were not met, and, therefore, the seizure was illegal. We are not persuaded.
 
 
 7
 Under the "plain view" doctrine, evidence may be seized without a warrant when (1) the initial intrusion or presence of the officer is lawful; (2) the evidence is in plain view; and (3) the incriminating nature of the evidence is immediately apparent. Horton v. California, 110 S.Ct. 2301, 2308 (1990).
 
 
 8
 Farmer contends that Rose's initial intrusion onto the pasture was not lawful. Farmer argues that under Virginia Code Sec. 29.1-208, a game warden has authority to search certain prescribed places without a warrant when making arrests for violations of the State's hunting, trapping, fishing, and boating laws; otherwise, a search warrant must be obtained pursuant to Virginia Code Sec. 19.2-59.[2] Rose made no arrests, obtained no search warrant, and observed no violations of state law; therefore, Farmer argues, the intrusion was unlawful.
 
 
 9
 Appellant's argument is incongruous. The first requirement of the "plain view" doctrine pertains simply to the lawfulness of the officer's presence without a warrant and is not dependent upon an arrest being made or a breach of state law. The Fourth Amendment's warrant requirement does not apply to an entry onto an open field where there is no reasonable expectation of privacy. United States v. Ramapuram, 632 F.2d 1149, 1153 (4th Cir.1980), cert. denied, 450 U.S. 1030 (1981); Patler v. Slayton, 503 F.2d 472, 478 (4th Cir.1974). In this case, Rose was investigating a report of shooting in a field where access to the public was not foreclosed, and, therefore, there was no reasonable expectation of privacy. He had every right to check for licensing or other hunting violations. Under these circumstances, Rose did not need a warrant to be present, and any contraband discovered in plain view could be seized if the other requirements of the doctrine were met.
 
 III.
 
 10
 Farmer also argues that the third requirement of the "plain view" doctrine was not satisfied because Rose made no attempt to verify whether the firearm was registered and thus had no idea that it was contraband prior to seizing it. The district court found that Rose had probable cause to seize the weapon because Rose was familiar with the federal firearms laws and Farmer admitted to him that he had been told the firearm was illegal. We affirm the district court's finding of probable cause.
 
 
 11
 Complete certainty is not required to establish probable cause. "It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' ... that certain items may be contraband ... or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742 (1983) (citations omitted). The evidence adequately supports a finding that the third prong of the "plain view" doctrine was met.
 
 
 12
 Based on the evidence presented at the hearing on the motion to suppress the firearm, we find no error in the district court's denial of the motion. Accordingly, the conviction is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Farmer had shortened his rifle such that the barrel's length was 4""" and its overall length was 15". Firearms subject to the registration requirements include "a rifle having a barrel ... of less than 16 inches in length; [and] a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel ... of less than 16 inches in length...." 26 U.S.C. Sec. 5845(a)
 
 
 [2]
 Although Sec. 19.2-59 prohibits warrantless searches generally, it affords no more protection than the Fourth Amendment and proscribes only unreasonable searches without a warrant. Carter v. Commonwealth, 209 Va. 317, 163 S.E.2d 589 (1968). Based on our holding, Sec. 19.2-59 does not apply